1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

12

Plaintiff,

13

v.

14

WILSON RODRIGUEZ,

15

Defendant.

Case No.:  17cr1596-CAB

**Order Denying Motion
To Reduce Sentence
[Doc. No. 67]**

16

17   Before the Court is defendant Wilson Rodriguez's motion to reduce his sentence and

18   order his immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) so that he can become his

19   children's primary caregiver. [Doc. No. 67.]  The Government opposed. [Doc. No. 69.]

20   The Court finds the motion suitable for determination on the papers.  The motion is

21   **DENIED**.

22      I.      Background

23      On October 26, 2018, Defendant was convicted of Importation of Methamphetamine

24   and Importation of Heroin. This Court sentenced him to 120 months of imprisonment.

25   Defendant has served slightly under 42 months of that sentence. He is currently

26   incarcerated at FCI Herlong and is scheduled to be released on April 27, 2028.

27      On May 22, 2017 Defendant was arrested after trying to smuggle 13.88 kilograms

28   of methamphetamine (actual) and 4.68 kilograms of heroin into the United States. PSR,

1

17cr1596-CAB

par. 4-6. Defendant entered a guilty plea to Importation of Methamphetamine and Importation of Heroin on June 20, 2017. *Id*., par. 2. At the time of his sentencing, Defendant had twelve criminal history points, placing him in criminal history category V. *Id.* At Par. 32, 33.

On May 6, 2019, this Court sentenced Defendant to 120 months in custody. [Doc. Nos. 61 and 62.] The court allowed Defendant to self-surrender, but he did not, so the Court issued a no-bail bench warrant for his arrest. [Doc. No. 63.] Defendant was arrested on February 20, 2020 in the Eastern District of California, returned to this District, and ultimately remanded to custody. [See Doc. Nos. 65-66.] On June 17, 2022, Defendant filed a motion with this Court seeking a sentence reduction. [Doc. No. 67.]

II.      Exhaustion Requirement

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the BOP, or upon motion of the defendant.  Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf.  A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Here, Defendant sent an email to the Warden on March 21, 2022, requesting to be considered for compassionate release under 18 U.S.C. section 3582(c)(1)(A) because "I have a hardship with my children and I have the documents to show that I have to obtain custody." [Doc. No. 67.]  On March 22, 2022, the Warden sent an email back to Defendant acknowledging receipt of Defendant's compassionate release request.  [*Id.*]   While the email to the Warden was brief, it did indicate the same reasons for requesting relief as are set forth in this motion.  Under the plain language of Section 3582(c)(1)(A), Defendant may file his motion after exhausting administrative appeals <u>or</u> after 30 days have passed "from receipt of such a request by the warden of the defendant's facility, whichever is

17cr1596-CAB

1    earlier." Given that more than 30 days have passed since the Warden acknowledged receipt

2    of Defendant's request, Defendant has sufficiently complied with the exhaustion

3    requirement of Section 3582(c)(1)(A).   Hence, the Court will address the merits of

4    Defendant's motion.

5          III.    Compassionate Release Considerations

6          If the exhaustion requirement is met, a court may modify or reduce the defendant's

7    term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the

8    court finds that "extraordinary and compelling reasons" justify the reduction and that "such

9    a reduction is consistent with applicable policy statements issued by the Sentencing

10   Commission."   18 U.S.C. § 3582(c)(1)(A)(i).   As the movant, the defendant bears the

11   burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,*

12   2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL

13   1673440, at *3 (D. Or., April 6, 2020.)

14         Here Defendant argues that the "extraordinary and compelling reasons for his release

15   are as follows:

16         My children have been placed in the Foster Case system.  Due to their mother
           getting incarcerated.  Now the family Courts have put forth a motion to strip
17         my parental rights.  I have been my children's sole provider for both my
           children Since birth till my arrest on 2-8-2020.  Now because of this separation
18         my children have began to show signs of dramatic stress!  My daughter has
           lost her appetite, doesn't get along with others.  My son can't sleep and when
19         he does he is scared to be left alone.  I ask to be reviewed for compassionate
20         release due to above reason please.
21   [Doc. No. 67 at 4.]

22         Under the Sentencing Guidelines, there are only two appropriate times where

23   family circumstances constitute "extraordinary and compelling reasons": "(i) The

24   death or incapacitation of the caregiver of the defendant's minor child or minor

25   children; (ii) The incapacitation of the defendant's spouse or registered partner when

26   the defendant would be the only available caregiver for the spouse or registered

27   partner." U.S.S.G. § 1B1.13, cmt. n.1(C).

28

1   Defendant has not proved that either of these conditions are present here. First,

2   Defendant has not provided evidence that his spouse or registered partner, or the

3   caregiver of his children, is "incapacitated." Defendant's only allegation concerning

4   his children's caregiver(s) is that the children's mother "is incarcerated." First,

5   although the Status Review Report attached to Defendant's Motion as Exhibit A

6   notes that the mother of Defendant's children was arrested in January 2022 [Doc.

7   No. 67 at 12], it does not give any indication as to whether she is currently

8   incarcerated. Second, this same report notes that the caregiver is the children's

9   maternal grandmother. [Doc. No. 67 at 13.]  In fact, the children's mother could not

10  be their primary caregiver because the children have an outstanding restraining order

11  against her until October 7, 2023. [Doc. No. 67 at 12.] Therefore, the materials

12  submitted by Defendant do not support his contention that his children's primary

13  caregiver is incapacitated.

14  Second, Defendant does not show that there are no other caregivers available

15  for his children, or that he is the only available caregiver for his spouse. To establish

16  the extraordinary and compelling requirement for a sentence modification, the

17  defendant must make "a robust evidentiary showing that defendant is the only

18  available caregiver." *United States v. Richardson*, No. 18CR507, 2020 WL 2200853

19  at *2 (E.D.N.C. May 6, 2020); *United States v. Cruz-Rivera*, No. 11-43, 2020 WL

20  5993352 at *5 (E.D.P.A. October 9, 2020) (district courts routinely deny motions

21  for compassionate release when inmates cannot show that they would be the only

22  available caregiver (collecting cases)). Defendant has not submitted any evidence

23  that his incarceration leaves his children without a caregiver. In fact, the only

24  evidence submitted by Defendant shows that caregiver is the children's maternal

25  grandmother. Accordingly, Defendant has failed to show "extraordinary and

26  compelling reasons" to reduce his sentence.

27  / / / / /

28  / / / / /

4

17cr1596-CAB

IV.   Factors under 18 U.S.C. §3553(a).

In addition, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification. First, courts in this District have recognized that even when "extraordinary and compelling reasons" are present, the § 3553(a) factors do not support a sentence reduction when the defendant has not served a meaningful portion of the sentence ordered by the Court. *See, e.g., United States v. Ortiz*, No. 18cr2063-BAS (S.D. Cal. September 11, 2020) [Doc. No. 63] (Lompoc inmate convicted of drug offense had Type 2 diabetes, obesity, and hypertension; but to grant release after just 15 months of 77-month sentence "would create unwarranted disparities with other defendants with similar criminal backgrounds" and defendant already "received a substantial downward departure"). Because Defendant has served only approximately 42 months of his 120-month sentence, the § 3553(a) factors weigh against granting compassionate release.

The history and characteristics of Defendant, in particular his criminal history, likewise weigh against compassionate release. Defendant has been convicted of both involuntary manslaughter and Second Degree Burglary w/ violent felony enhancement. PSR, pars. 26-27. Although these convictions occurred in 2005 and 2006, Defendant continued to violate parole and be returned to custody. *See Id*., par. 26. Finally, in 2011, Defendant was found in possession of a stolen handgun. *Id*., par. 36. Taken together, defendant's contact with the criminal justice system prior to his arrest in this case in 2017 stretched from 2005 to 2014 and included several serious offenses. *See Id*., pars. 26-38. Thus Defendant's criminal history also weighs against release.

Finally, Defendant committed a serious offense of drug importation. As courts have consistently recognized, the proliferation of dangerous addictive narcotics is a significant

public and societal harm. *See United States v. Ailemen*, 165 F.R.D. 571, 596 (N.D. Cal. 1996)(". . . a drug trafficker is, by definition, a danger to the community.") Accordingly, the factors listed in 18 U.S.C. § 3553(a) also weigh against a sentence reduction.

## V.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Modify his Sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated:  February 10, 2023

Hon. Cathy Ann Bencivengo
United States District Judge

17cr1596-CAB